IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____1:20-cv-03323_____

DONNA CURLEY and ALFRED CURLEY,

    Plaintiff,

v.

BONDED BUSINESS SERVICES, LTD.,

    Defendants.

## COMPLAINT

NOW comes DONNA CURLEY ("Donna") and ALFRED CURLEY ("Alfred") (collectively "Plaintiffs"), by and through the undersigned, complaining as to the conduct BONDED BUSINESS SERVICES, LTD. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiffs bring this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, as well as 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant resides within, conducts business within, and a substantial portion of the events or omissions giving rise to the claims occurred within, the District of Colorado.

1

**PARTIES**

4. Plaintiffs are consumers over 18 years of age residing in Pueblo West, Colorado, which is located within the District of Colorado.

5. Defendant is a third party debt collector holding itself out as "a premier billing and debt collections agency headquartered in Boulder, Colorado."[1] Defendant is a limited company organized under the laws of the state of Colorado with its principal place of business located at 4845 Pearl East Circle, Unit 101, Boulder, Colorado.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

8. The instant action arises out of the nature of Defendant's attempts to collect on a consumer debt ("subject debt") said to be owed by Plaintiffs.

9. The subject debt stems from past due payments Plaintiffs are said to owe in connection with an apartment lease, and as such was incurred for Plaintiffs' personal and household purposes.

10. On or about October 16, 2020, Defendant sent or caused to be sent a collection letter to Plaintiffs seeking to collect upon the subject debt.

11. This collection letter as the first written communication Plaintiffs received from Defendant in connection with the subject debt.

---

[1] https://www.bbsltdcollects.com/bbs/about/

12. As such, the collection letter was required to contain certain information about the subject debt, including an explicit disclosure and identification of the "name of the creditor to whom the [subject debt] is owed." *See* 15 U.S.C. § 1692g(a)(2).

13. However, the collection letter fails to clearly indicate the creditor to whom the subject debt was owed at the time the collection letter was sent.

14. Defendant's collection letter references a "Pikes Peak Property Mgmt., LLC" ("Pikes"), however, it does not identify such entity as the current creditor or original creditor, instead merely listing its name.

15. As such, the collection letter does not identify the name of the creditor to whom the subject debt is owed with sufficient specificity as required by § 1692g(a)(2).

16. Instead, Defendant's collection letter states that the account related to Pikes now sits with Defendant, further requiring that payment on the subject debt be made directly to Defendant.

17. As such, Defendant's collection letter leaves open questions as to whether the subject debt was owed to Pikes at the time the collection letter was sent, or whether the subject debt was owed to Defendant.

18. Plaintiffs were similarly confused and concerned as to whether the subject debt was owed to Pikes, or whether Defendant was now owed the debt given the nature of the collection letter it sent Plaintiffs.

19. As circuit courts have found, letters substantially similar to Defendant's and the deficient identification of the creditor to whom a particular debt is owed violates the FDCPA as a matter of law. *Steffek v. Client Servs.,* 948 F.3d 761 (7th Cir. 2020).

20. Simply put, Defendant's collection letter imputes an unacceptable amount of guesswork on the part of Plaintiffs and the least sophisticated consumer to go about determining precisely to whom the subject debt was owed.

21. Confused by the nature of Defendants' collection letter, Plaintiffs spent time and expended resources addressing Defendant's conduct.

22. Plaintiffs' ability to go about intelligently addressing the subject debt was materially impeded by Defendant's collection letter given the letter's failure to provide substantive information designed to provide Plaintiffs with necessary information to go about addressing the debt serving as the basis of Defendant's collection efforts.

23. Defendant's collection letter further deprived Plaintiffs of truthful, non-misleading information in connection with it debt collection efforts.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiffs repeat and reallege paragraphs 1 through 23 as though fully set forth herein.

25. Plaintiffs are "consumer[s]" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

26. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

27. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

28. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a.  **Violations of the FDCPA § 1692e**

29. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

30. In addition, this section enumerates specific violations, such as:

"The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A).

"The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."   15 U.S.C. §1692e(10).

31. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), and e(10) through its failure to clearly identify the creditor to whom the subject debt was owed in the collection letter. Defendant's collection letter misled and deceived Plaintiffs, and similarly misleads and deceives the unsophisticated consumer, as to the precise entity said to be owed the debt serving as the basis of Defendant's collection efforts. Defendant's collection letter impermissibly fails to clarify whether the subject debt is owed to Pikes, or whether it was owed to Defendant. Collection letters substantially similar to Defendant's have been found to violate the FDCPA as a matter of law. *Steffek v. Client Servs.,* 948 F.3d 761 (7th Cir. 2020).

  **b.   Violations of FDCPA § 1692g(a)(2)**

32.  The FDCPA, pursuant to 15 U.S.C. §1692g(a)(2), requires debt collectors to, in the initial written communication with a consumer, send the consumer a written notice which contains "the name of the creditor to whom the debt is owed."

33.  Defendant violated § 1692g(a)(2) through its failure to clearly identify the creditor to whom the subject debt was owed. At no point does the Collection Letter identify who the current creditor is, further leaving open questions as to whether Defendant or Pikes was the creditor to

whom the subject debt was owed at the time the collection letter was sent. Such conduct violates the FDCPA as a matter of law.

WHEREFORE, Plaintiffs DONNA CURLEY and ALFRED CURLEY, respectfully request that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiffs statutory damages of $1,000.00 per Plaintiff as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiffs costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

d. Enjoining Defendant from further contacting Plaintiffs; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiffs demand trial by jury.**

Dated: November 6, 2020                                  Respectfully submitted,

s/ Nathan C. Volheim                                     s/Eric D. Coleman
*Nathan C. Volheim*                                      *Eric D. Coleman*
Sulaiman Law Group, Ltd.                                 Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                      2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                  Lombard, Illinois 60148
(630) 568-3056 (phone)                                   (630) 575-8181 x. 105 (phone)
nvolheim@sulaimanlaw.com                                 ecoleman@sulaimanlaw.com
Attorney for Plaintiffs                                  Attorney for Plaintiffs